**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1:24-cr-00066 |
| | : | |
| v. | : | JUDGE DOUGLAS J. COLE |
| | : | |
| **PHILLIP COLT MOSS,** | : | DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MOTION TO REVOKE HIS PRETRIAL RELEASE |
| **DEFENDANT** | : | |
| | : | |

**HEARING REQUESTED**

I. INTRODUCTION

Contrary to what the Government has argued in its motion to revoke Phillip Colt Moss's pretrial release, Mr. Moss is not a flight risk, and he is not a danger to the community. Magistrate Judge William P. Kelly of the Southern District of Iowa that there are, in fact, a set of conditions that would both ensure the safety of the public and ensure that Mr. Moss appears for Court. This finding was made after a nearly 90-minute detention hearing that addressed substantially all of the arguments the Government now seeks to raise in this Court. The Government's motion does not provide any additional substance regarding the charges against Mr. Moss or his eligibility for pretrial release. Instead, it appears the Government is attempting to shock the consciousness of this Court (as it tried in the Southern District of Iowa) by providing graphic details of the crimes of which Mr. Moss is accused (and still presumed innocent of). The Government thereby hopes

1

that the result will be different because the graphic details are being presented in a different jurisdiction.

II.   STANDARD OF REVIEW

A clear standard review has not been established for reviewing an order of pretrial release. The United States Court of Appeals for the Sixth Circuit has not mandated a clear standard of review. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (*citing United States v. Hazime*, 762 F.2d 34 (6th Cir.1985)). Many courts have adopted a hybrid "clearly erroneous-*de novo* review." *See id.* This hybrid approach is most appropriate here where there is no violation of the pretrial release plan alleged.

III.   THE MAGISTRATE JUDGE'S RUILING ALLOWING MR. MOSS TO BE RELEASED PRETRIAL SHOULD BE UPHELD

As articulated by Magistrate Judge Kelly, there are conditions to Mr. Moss pretrial release that will ensure that he is not a danger to the community and that he is not a flight risk. As noted in the pre-trial report, Mr. Moss is 41 years old and has resided in the Des Moines, Iowa area for most of his life, residing elsewhere while he was in law school. Mr. Moss was ordered to surrender his passport, and Mr. Moss will comply with that order.

The Government has argued that Mr. Moss texted the co-defendants prior to this case claiming that he can facilitate travel without a passport. This is clearly not possible as any commercial transportation requires presentation of passport information before a ticket is purchased. Mr. Moss does not have a private plane or any other non-commercial means of transportation.

Further, Mr. Moss does not have an extensive criminal record. Mr. Moss has struggled with drug addiction in the past and because of that Mr. Moss has had some drug related offenses. He has attended rehab and addressed his drug problems through continued drug counseling.

Despite the nature of his charges Mr. Moss is not charged with any violence towards persons in this matter. Mr. Moss does not own firearms and has no violent offenses on his record.

IV. THE GOVERNMENT HAS NOT PRESENTED ANY NEW SALIENT INFORMATION THAT WOULD REQUIRE THE MAGISTRATE JUDGE'S DECISION TO BE OVERTURNED

The Government has argued that there was information that Magistrate Judge Kelly did not have when he determined that Mr. Moss qualified for pretrial release. Mr. Moss has been truthful with pretrial services as well as with the Court in this matter.

A. Mr. Moss did not fail to disclose a pending minor misdemeanor charge to the Court

The Government claims that a charge of possession of drug paraphernalia (what appears to be a misdemeanor punishable by a fine) was not disclosed to Magistrate Judge Kelly. While that charge does not appear on the pretrial statement, the charged stems from an incident that happened in April of 2024. There is no reason why it should have been omitted from the pretrial report. Mr. Moss informed his counsel of the charge, and it is unclear if the charges would have affected the Court's decision (or if the Court was not made aware of them). Mr. Moss stated that his recent stint in rehab was not related to any new criminal charges and that was accurate. He made arrangements attend a second round of in-patient rehabilitation before he received the April charge.

B. Mr. Moss's wife is a suitable third-party custodian

While pretrial services proposed that Mr. Moss's wife, Ande Moss, be a third-party custodian, that was not in the Magistrate Judge's order. Despite this, Mrs. Moss would be an excellent third-party custodian should this Court require Mr. Moss to have one.

The Government argues that somehow Mrs. Moss committed some wrongdoing by attempting to contact her husband through attorney access. Mrs. Moss is in fact an attorney and

3

did not present any false information to anyone about Mr. Moss being her husband. Mrs. Moss was denied attorney access because of their familial relationship and there was never any malfeasance on her part.

The Government has also alleged that Mrs. Moss either knew or should have known that her husband was involved in the crimes with which he is charged. The Government points to comments by Mr. Moss that his wife knew what he was doing (which are not substantiated in any other documentation).

The Government then asserts that if she did not know that her husband was involved with these crimes then she should have Williams's known. Setting aside the fact that Mr. Moss is entitled to the presumption of innocence for a moment, if he was involved in something nefarious Mr. Moss would likely keep it a secret.

V.  CONCLUSION

The Government went to great lengths to keep Mr. Moss incarcerated when it is clear that he qualifies for pretrial release. Mr. Moss is respectfully requesting that this Court adopt Magistrate Judge Kelly's order allowing him pretrial release so that he can continue his employment and participate in the defense of these matters. Based on the foregoing, Mr. Moss's order of pretrial release should be sustained by this Court.

Respectfully submitted,

s/ *Kory Jackson*_____
Kory A. Jackson (0072572)
Jackson Law Office, LLC
810 Sycamore St.
First Floor
Cincinnati, Ohio 45202
Tel:    (513) 338-1999
Fax:    (513) 621-8703

Email: kajackson@cincilaw.net

Attorney for Defendant Phillip Colt Moss

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served through the Court's electronic filing system on all counsel of record this 4th day of September, 2024.

s/ *Kory Jackson*_____